Henry, the marriage of Malcolm, Andy J. Malcolm, petitioner, athlete, and Andrea L. Malcolm, respondent, appellate. Arguably, we won't be happy with the respondent, appellate, Mr. John King. Arguably, we won't be happy with the petitioner, athlete, Ms. Lois C. Drake. Before we start, Ms. Ramon, can you hear in this room? I'm fine, Your Honor. Thank you. Okay. Very good. You may proceed, Mr. Kim. Thank you, Your Honor. May I? You may. Sure. That's what I meant when I said proceed. Understood. Although, I would have just said you can start now. Thank you for the clarification, Your Honor. May it please the Court. Prior to the commencement of my presentation, the arguments would be justices like a brief recitation of the facts or procedural history. We're a hot court. We know what the record reflects. Understood. So you don't really have to do anything other than highlight what you think are the salient facts that will affect our decision in your favor. Yes, Your Honor. Thank you. What is the Merrill Settlement Agreement? The Merrill Settlement Agreement states that Mr. Malcolm, the appellant, What is it? What is it? It's a contract. It's a contract. And the defendant lives up to her end of the bargain, correct? Yes, Judge. What's at issue, then? The issue, Your Honor, is that although as part of the contract, as part of the settlement agreement, the appellee, Ms. Malcolm, was awarded a Merrill residence and was ordered to sell the residence, that sale, that event, what resulted from it was that a change in circumstances had occurred, that the financial resources available to Ms. Malcolm as a result of the sale and as a result of that event warrants a potential modification of child support. Also? Well, Your Honor, under Section 505, the trial court has a discretion to award child support based upon a variety of circumstances, including but not limited to the financial resources available to each of the parents, the needs of the children, and any financial status of both parents. Is there anything ambiguous in the Merrill Settlement Agreement? No, Your Honor, there's not. If we apply your logic, wouldn't it be reasonable to conclude that she could have filed a petition to increase her client's responsibilities? Yes, Your Honor. Is it that for some reason she didn't realize the amount of money that she was expecting to realize when the property was sold or that there were new additional expenses that her newfound wealth wouldn't cover? Yes, Your Honor. I believe the trial court recognized as such in that Ms. Malcolm could have filed a petition to increase the child support as well. Did the trial court basically say that what you are arguing is a scenario that was reasonably anticipated, similar to Paul's graph versus Long Island Railroad, which is the idea that if it's foreseeable that this is the result of the agreement contemplated by the parties, then there is no substantial change or no need for a substantial review, as opposed to if somebody was in a catastrophic accident and now someone is a paraplegic or something of that nature and they not only after selling the house, they have to dispose of the house or the apartment or condominium that they moved into because they can't use it anymore. In other words, nobody can ever know the future from day to day, but people can reasonably anticipate that certain things will happen unless it's something outside of the norm. Why is the trial court's ruling wrong? Well, Your Honor, I believe that although the sale of the residence was contemplated by the marital settlement agreement, that is a property issue. It wasn't contemplated. It was written into the agreement. Yes, Judge. Excuse me. It was written into the agreement that the wife was obligated to sell the residence as part of the property settlement. In terms of the support obligation, Your Honor, I believe that those are two distinct issues. There are two different statutes and factors that the court may consider. And what was to happen with the proceeds from the sale of the home? Your Honor, I believe that those were divided between the parties. This case was dismissed on the platings, correct? Yes, Your Honor. And you filed a petition, your client filed a petition to modify support alleging a change in circumstances, and that change in circumstances is contained exclusively in paragraph 2 of the petition, correct? Yes, Your Honor. You allege basically two facts. There was the sale of the home, which the wife conceives, and that that sale thereby reduced her living costs substantially. I mean, Illinois is a fat plating jurisdiction, correct? Yes, Your Honor. Tell me why that isn't a conclusion. Why aren't there some facts in there to tell the trial judge a little bit more about how this actually affected her and reduced her cost of living substantially? Well, Your Honor, the facts known at the time were that the arguments presented at the trial level were that after the sale of the home, there was a new residence that was purchased, which costs were substantially lower than the costs associated with the former marital residence. I believe those arguments were presented at the trial level. Although not specifically stated as such, I believe they were presented in oral arguments. Did you ever ask to amend this pleading? When you received the motion to dismiss that makes certain allegations, did you ever seek to amend this pleading? Your Honor, we did not file any motion asking for leave to amend the pleading, no. Although the request for an evidentiary hearing was made at the time that oral arguments were presented on the motion for judgment on the pleadings. But if the pleading only alleges conclusory facts or conclusions, you don't get a hearing. It never gets past the pleading stage. Would you agree with that? Your Honor, I believe that the facts as alleged in the petition does raise a material issue that would have entitled us to an evidentiary hearing so that the court could determine the facts present at the time that the marital settlement agreement was entered, as well as what facts support our petition. Well, he dismissed it with prejudice, did he not? Or did he dismiss it without prejudice and allow you to plead over? And then you decided to stand on your complaint? Yes, Judge. I don't recall if the order actually specifically states with prejudice. Although the motion for judgment on the pleadings was heard and granted, obviously. Did it say, and go hence without day, by any chance? I'm sorry, Your Honor, I did not catch that. Go hence without day. It's some arcane language that's used to indicate finality. Well, we believe it is a final order, yes. Okay. The dismissal of a letter that is contained in a final order insofar as based upon a motion to dismiss, was this a motion to dismiss? It was not a motion to dismiss, but it was contained under the statute. It was a judgment on the pleadings. Yes, Your Honor, it was a judgment on the pleadings, in that there is no disputed issue of fact. It's just a matter of law. Who drafted the marital settlement agreement? I believe that the marital settlement agreement was drafted by appellant's counsel. Well, is the judgment on the pleadings the same as Demer or is it something that suggests that you failed on the pleadings to state a cause of action, which you may be able to state if, in fact, you were given leave to amend? Your Honor, I believe that if the court provided us an opportunity to amend, that we should have been provided an opportunity to amend the pleadings. If the court required additional facts. You can continue. I don't have any questions. I don't either. Yes, Your Honor. Well, Your Honor, to summarize, what we're alleging is that, as a procedural matter, the appellant should have been provided an opportunity to present evidence, testimony to support the allegations that are contained in the position as to whether or not a substantial change in circumstances warranted a modification of child support. The trial court may have ultimately determined that there had been no substantial change in circumstances resulting from the sale of the former marital residence, but the appellant was not provided the opportunity to present that information or evidence to court. Let me ask you another question. You said that the marriage settlement agreement contemplated that the proceeds from the sale of the home would be split evenly between the appellant and the appellant, correct? Yes. And what if the appellee's wife, Andrea, chose to, instead of reducing or increasing her available funds, bought a new car? Would that have changed anything, in your opinion? In this scenario? Was she free to do whatever she wanted with that money? Yes, Your Honor. Could it possibly reduce his obligations to pay child support if she was free to do whatever she wanted with that money? Again, Your Honor, I refer to a prior statement made regarding the sale of the home or the proceeds that resulted from it was part of the property sale. There was nothing in the marital settlement agreement nor presented on the record at the approval hearing where the award of child support was dependent upon the sale of the home, the proceeds that would have been derived from it, and the child support award was, irrespective, distinct from the award of the home. Exactly. One had nothing to do with the other, according to the marriage settlement agreement, correct? Correct. Okay. However, what the appellant is presenting to the court is that the financial status or resources available to the mother changed after the sale of the home, and that that information or that evidence could have been presented if provided an opportunity to do an evidentiary hearing. Because it was a summary in nature and that there was no opportunity for evidence to be presented, we believe that ultimately the appellant is asking that the trial court's decision be reversed with specific instructions that we would present an evidentiary hearing. So insofar as the standard of review is de novo review, it's not an abuse of discretion or against the manifest way? No, Your Honor, because no evidence was actually presented. We are asking that the standard review be de novo as a question of law. The facts as presented in the record are undisputed. There was no evidence presented at trial for the court to take into consideration. So you're not arguing that it was an abuse of discretion to not allow you to plead over? Is that correct? That is correct. We are presenting to the court that as a matter of law, we should have been entitled to an evidentiary hearing. Okay. Thank you. You may continue if you want. Your Honor, I believe that summarizes my argument to be presented to the court, unless the court has any additional questions. I don't think. Thank you. You have an opportunity to make rebuttal. Thank you, Your Honor. Ms. Ramone or is it Raymond? Ramone. You may proceed, ma'am. Good morning, Your Honor. I represented Andrea Malcolm at the time of the divorce and have continued to represent her. We were faced with this petition to modify child support, which alleged two facts. One, I'm paying child support, and two, you sold the marital residence. And followed by the conclusionary allegation that this reduced my client's cost of living and that of her children. And, you know, looking at that petition, I thought it was appropriate to file a motion for judgment on the pleadings because we can admit the facts that were alleged. She's paying child support and she sold the house. But there was nothing new that was alleged that, in terms of a fact, that happened post-decree. My client was ordered to sell the house. This is part of the property settlement agreement that was made between the parties. It was incorporated in the judgment. It was ordered by the court that she do so. And she did what she was supposed to do. And we were in a position we could admit those facts and which left no material issue of fact on the table. And I believe the trial court was correct in granting a motion. The argument was made at the hearing that she was paying less for her housing. That's what the husband's argument was at the hearing, correct? Paying less for her housing costs after the sale of the house? Well, it's alleged. I mean, there's no facts in the petition. I'm just saying that's what the argument was. That's probably what the argument is going to be. I mean, it's a given fact that my client with three children is going to find different housing arrangements. If she's ordered to sell the house, she's got to live someplace else. And I don't, you know, there was no requirement, you know, what would that look like. So Mr. Kim's, his representation, Andy's attorney drafted the marriage settlement agreement? That's correct. I mean, we negotiated it, but, you know. They drafted it. They drafted it, yes. And because we didn't, in my opinion, they didn't meet that threshold requirement of showing a substantial change of circumstances, we don't get to the point of having to have an evidentiary hearing on the Section 505 factors of cost of living and things of that nature. So I, it's, you know, if there were facts alleged showing a post-decree event, a change in circumstances, then yes, there should be an evidentiary hearing. Potentially, for example, if she had a huge windfall, an unanticipated windfall, finding out that there's something inherently valuable about the home that you were unaware of before, something like that. Could that happen? I would, again, this is a property settlement. I mean, what if you've got a stock portfolio and boom, you know, stocks have gone up. I mean, we don't go back and address that. If a sale is triggered by, like I said, a post-decree event, someone became ill, a job revocation, something like that, then I don't see that in this case. If it was shown that your client could only find substantially more expensive housing, do you concede that she would not have been able to file a petition to increase support? I don't think so. I think, you know, this agreement was what it was. I mean, she saw the house, she'd have to deal with whatever those proceeds would be and find alternative arrangements for herself and the children. It's, like you said, she could have bought a car. I mean, you know, we're not going to micromanage here what she does with the money. Does the reasonable person rule come in anywhere in this case? I don't think we get to that reasonable abuse of discretion standard. It's the noble review, whether the trial court was correct in saying there was no substantial change. Well, when you say a substantial change in circumstances, how is that measured? Is it measured by what a reasonable person would determine? Or is it based upon what the manifest weight of the evidence is? Or is it based upon the manifest weight of the evidence and then an exercise in discretion by the trial court judge as to whether or not relief should be granted? I couldn't find a case where there's a definition of substantial change in circumstances. I think you just look at substantial being something more than just ordinary change. It means something more than what's contemplated in the agreement. Right. I mean, this was court-ordered. It was agreed by the parties. It's not. And how do you gauge whether it is something that is outside what the parties contemplated? Is it based upon some supernumerary's conclusion, their common and everyday experience? Or is it based upon a reasonable person's conclusions? Is it based upon a legal scholar or a jurist's conclusions? What is the standard by which you measure the word substantial change in circumstances? I would say in this case, Your Honor, in that paragraph where she was required to sell the marital residence, it also stated that Mr. Malcolm was going to quick-claim the deed to her at the closing of his interest in the property. If he felt that she was, you know, selling something for less than what she should have or didn't approve of the transaction, he could have refused to execute that deed. His name was still on the title of the property. Well, are you aware of what the burden of proof is relative to the grant of a motion for summary judgment insofar as the plaintiff is concerned? The burden? That there are no material issues of fact and it's a matter of law. That's correct. Reasonable minds would not disagree that that judgment should be rendered in favor of the plaintiff. When the defendant raises the argument, it tends to be somewhat different in the sense that the defendant is usually not attempting to establish an affirmative fact but is attempting to refute the allegations that are set forth in the petition or the complaint. And that standard is whether or not the plaintiff has arguably presented sufficient facts upon which a judgment could be supported. So. I agree. It's a high burden for us. But the initial question is, is there a substantial change in circumstances? And it was ordered. How do you measure? Do you use a metric ruler? Or do you use a, I don't know if it's called a blah, blah, blah, but in English I think it is a ruler, meaning inches and feet. Your point is there's nothing to measure because there's no facts, correct? Right. I mean, it's. You don't believe facts, there's nothing to measure. We're not weighing those Section 505 factors. There's just, it was ordered, it was agreed to, it happened. Boom. And there's no change. I don't see that we have to weigh anything in that particular case. If we get to the 505 factors, then, you know, certainly there's some weighing there and burden-to-proof allocations and things to look at. If the facts are virtually nil, then why wouldn't someone be allowed to plead over if they requested? Because absence of evidence is not evidence of absence. And if judgment on the pleadings is supposed to have any merit or value, it ought to be based upon facts, which arguably might sustain a judgment in plaintiff's favor. In which case, it would be more like the old common law demur, which then suggests that you stood on the demur, and if it states a cause of action, you lose. If it doesn't state a cause of action, you win. And final judgment is entered thereon. With judgment on the pleadings, my recollection was, didn't arise, or I didn't think about this until oral argument, and that is, is that judgment on the pleadings isn't always an automatic, you win, I lose, or whatever. It is based upon what the merits of the pleadings are and whether or not there should be an exercise or not, as to whether or not somebody should be allowed to plead over again. And in order to do that, there has to be some basis, some benchmark, to gauge whether or not somebody should have been allowed to plead over. If you don't ask to plead over, then maybe that's mooted. But we're trying, our questions are primarily designed to get to the philosophical aspects of the law, which we then are supposed to go back and collaborate and apply the law that we believe it to be to the facts in the particular case. So that's why these questions have been so diverse. Well, certainly, a judge could not tell Mr. Malcolm he can never file a petition to modify child support, but he could tell Mr. Malcolm that this pleading does not reach a threshold. Things could change tomorrow, and he could file a new petition. I mean, he could, yes. With the right facets. The issue that kind of does not apply to things that happen in the future. That's true. Did you have other points you wanted to make? I don't think so. Do we have any other questions? No. Thank you. Thank you. I appreciate your time and consideration. Mr. Kim? You may proceed. Thank you, Your Honor. Your Honor, in order to, in addressing Your Honor's question earlier as to whether or not there is a reasonableness to measuring substantial changes in circumstances, I believe that there is a reasonableness. The issue in this particular case is that the appellant was not provided an opportunity to either present additional facts by amending this pleading or presenting facts in evidentiary. I thought you said earlier that there was no request to file an amended plea. There was no affirmative request, Judge, yes. So, to Justice McLaren's point on this issue, if you were to lose here, this would be the law of the case. It would apply. Do you agree? Yes, Your Honor. You did not try to plead over. Okay. So, counsel's point was you put nothing on the scale to weigh. There were no facts pled, just conclusions. How do you respond to that? Your Honor, I believe that the facts pled were that the financial circumstances had changed. I believe that, at the very least, that could have provided an opportunity for discovery to be issued for the court to consider whether or not there were facts that supported those allegations. I think that's really the simplest part of the issue here, is that we were not provided an opportunity as a matter of law to do so. I guess I disagree with counsel's position that there was no material. Yes, Your Honor. I guess I disagree with counsel's position that there was no material issue of fact raised. I believe that the material issue of fact was consistent with what a substantial change in circumstances may be. But the facts, I guess, being argued at this time are hypothetical. You did argue some facts, or your client did argue some facts at the hearing. I saw in the transcript that her housing costs had substantially decreased, and how did people know about that? Well, Your Honor, the information related to the new house and the information related to the old house as to what the financial obligations were, were known at the time the oral arguments were presented. Without discovery? Without discovery. I believe that the sale of the home is public record. So I believe the information... Right. Why couldn't those things be put in the petition, then? I mean, as far as at least alleging some facts to show the substantial cost reduction. It could have been included, Your Honor. I guess that information or evidence could have also been presented at hearing, which that's what we're asking we be afforded an opportunity to do. Are you done? Yes, Your Honor. Thank you. Thank you. Are there any other questions? No questions. Thank you. We'll take the case under advisement. There will be a short recess. There's another case on the call.